IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-HC-2045-D

| | | |
|---|---|---|
| WILLIAM DANIEL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| ANGELA DUNBAR, | ) | |
| | ) | |
| Respondent. | ) | |

On February 14, 2013, William Daniel ("Daniel" or "petitioner"), proceeding pro se, filed a petition for a writ of habeas corpus [D.E. 1]. On August 28, 2013, the court reviewed the petition pursuant to 28 U.S.C. § 2243 and allowed it to proceed [D.E. 7]. On September 17, 2013, Magistrate Judge William A. Webb granted Daniel's request to proceed in forma pauperis [D.E. 4, 9], and the clerk served respondent with the petition [D.E. 10].

On October 8, 2013, respondent filed a motion to dismiss [D.E. 12], along with a certified copy of United States Parole Commission ("Parole Commission") records pertaining to Daniel [D.E. 12-1]. Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified Daniel about the motion, the consequences of failing to respond, and the response deadline [D.E. 13]. Daniel did not file any response in opposition to the motion to dismiss, and the time within which to do so has expired. On February 6, 2014, Daniel notified the court of his change of address [D.E. 14]. As explained below, the court grants the motion to dismiss.

A motion to dismiss under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. See Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544,

570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions drawn from the facts. See, e.g., Iqbal, 556 U.S. at 678. A court also "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 678–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). Thus, the court may take judicial notice of the Parole Commission records without converting the motion to dismiss into one for summary judgment. See Furnari v. Warden, Allenwood Fed. Corr. Inst., 218 F.3d 250, 255 (3d Cir. 2000); Hunt v. United States, No. 5:12-HC-2214-BO, 2014 WL 1233118, at *1 & n.1 (E.D.N.C. Mar. 25, 2014) (unpublished).

On February 27, 1987, the United States District Court for the Southern District of Texas sentenced Daniel to 25 years in prison for robbery of a United States post office with use of a firearm. Resp't's Mem., Ex. A [D.E. 12-1] 6 (Parole Commission revocation prehearing assessment). On May 1, 1998, Daniel was paroled with a full term release date of December 16, 2011. Id. On August 21, 1998, the Parole Commission issued a warrant for Daniel based upon allegations that he had failed to comply with the conditions of supervised release. Id. On March 15, 1999, the Parole Commission supplemented the violation warrant based on Daniel's indictment in the United States District of Oregon for six counts of bank robbery. Id.; see United States v. Daniel, No. 3:98-CR-462-HA-1, [D.E. 1] (D. Or. Oct. 1, 1998) (docket entry indicating criminal complaint);

2

Pet. [D.E. 3] 1 (listing conviction in District of Oregon and providing case number). On June 1, 1999, in the District of Oregon, Daniel pleaded guilty to all six counts, and on February 15, 2000, the district court sentenced Daniel to six concurrent terms of imprisonment of 188 months. Daniel, No. 3:98-CR-462-HA-1, [D.E. 22, 38] (docket entries indicating guilty plea and criminal judgment); Pet. 1; Resp't's Mem., Ex. A at 2–3.

On December 31, 2012, following the completion of Daniel's new federal sentence, the Parole Commission executed the violation warrant. Resp't's Mem., Ex. A at 6. On April 23, 2013, after Daniel filed this petition, the Parole Commission conducted a hearing and revoked Daniel's parole, with a presumptive re-parole date of July 30, 2017. Id. at 2 (notice of action). Respondent acknowledges that the revocation hearing was conducted "approximately 24 days after the deadline" for the hearing. Resp't's Mem. 2; see Pet. 7 (noting "they still can't hold the hearing within 90 days").

Daniel asserts a due process violation. See Pet. 6–7. Due process mandates that a parole revocation hearing take place within a reasonable time after a parolee is taken into custody. Morrissey v. Brewer, 408 U.S. 471, 485–89 (1972); see 28 C.F.R. § 2.102(f). The inquiry, however, does not end there. To state a claim for relief, Daniel must plausibly allege that the delay was both unreasonable and prejudicial. See, e.g., Gaddy v. Michael, 519 F.2d 669, 673 (4th Cir. 1975); Shelton v. U.S. Bd. of Parole, 388 F.2d 567, 574 (D.C. Cir. 1967) (per curiam). A habeas petitioner may demonstrate prejudice by showing that the delay deprived him of the ability to defend himself against the revocation charges. Gaddy, 519 F.2d at 678 (parolee must show what evidence and what witnesses he would have presented at a timely hearing and were unavailable due to delay); see Hopper v. U.S. Parole Comm'n, 702 F.2d 842, 845 (9th Cir. 1993); Shelton, 388 F.2d at 574. However, "where, as here," the Parole Commission bases its revocation warrant on a parolee's new

3

criminal conviction and sentence, the delay in holding the revocation hearing does not prejudice the parolee's defense, because "the violation [is] established by the criminal conviction." Gaddy, 519 F.2d at 674; see Easton-El v. U.S. Parole Comm'n, 519 F. Supp. 2d 86, 88 (D.D.C. 2007). Daniel has failed to plausibly allege any prejudice by the Parole Commission's delay in conducting the revocation hearing. Thus, Daniel has not plausibly alleged a due process violation. See, e.g., Moody v. Daggett, 429 U.S. 78, 87, 89 (1976); Merriweather v. U.S. Parole Comm'n, No. 2:08-cv-1977 JFM, 2009 WL 1684589, at *4 & n.7 (E.D. Cal. June 16, 2009) (unpublished).

In sum, the court GRANTS respondent's motion to dismiss [D.E. 12], and DISMISSES petitioner's application for a writ of habeas corpus for failure to state a claim [D.E. 1, 3]. The court DENIES a certificate of appealability. See 28 U.S.C. § 2253(c). The clerk shall close the case.

SO ORDERED. This __7__ day of April 2014.

JAMES C. DEVER III
Chief United States District Judge